UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EKATERINA LEVIN,
                               :

                            Plaintiff,         :      06 Civ. 1544 (NRB, J.)

             - against -              :

UNITED STATES LIFE INSURANCE COMPANY IN   :
THE CITY OF NEW YORK,
                         Defendants.

                                 :

                                 :

                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANT UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1

Pursuant to Local Rule 56.1 of the United States District Court for the Southern District of New York, defendant United States Life Insurance Company in the City of New York ("U.S. Life") respectfully submits this Statement of Undisputed Facts in support of its Motion for Summary Judgment.

<u>Procedural History</u>

1. Plaintiff Ekaterina Levin ("plaintiff") originally commenced this action by purchasing an index number in the Supreme Court of the State of New York, County of New York on September 9, 2005. The state Supreme Court assigned the index number as 112646/05. Plaintiff served U.S. Life with the complaint on January 4, 2006. Plaintiff's Complaint ("complaint"), attached to declaration of Fred N. Knopf in Support of Motion for Summary Judgment, dated June 6, 2006 ("Knopf Decl."), as Exhibit A.

1183319.1

2. On February 3, 2006, U.S. Life removed this case to the United States District Court of the Southern District of New York, on the grounds that the dispute is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001-1461. Notice of Removal, attached to Knopf Decl. as Exhibit B.

3. On March 6, 2006, U.S. Life submitted a letter to the court requesting a pre-motion conference to set a briefing schedule for a 12(b)(6) motion because plaintiff's complaint failed to state a cause of action upon which relief can be granted. Specifically, the complaint improperly alleged a cause of action in breach of contract, when the dispute is governed by ERISA. Pre-motion conference letter, attached to Knopf Decl. as Exhibit C.

4. On March 21, 2006, the Hon. Naomi Reice Buchwald, U.S.D.J., presided over a pre-motion teleconference. During the teleconference, the parties agreed that, rather than going through the process of moving to dismiss the case, plaintiff could amend her complaint to allege an ERISA cause of action.

5. On April 7, 2006, plaintiff served U.S. Life with an amended complaint, alleging an ERISA cause of action. Amended complaint ("Am. Complaint"), attached to Knopf Decl. as Exhibit D.

6. On April 17, 2006, U.S. Life served plaintiff with an Answer. Defendant's Answer ("Answer"), attached to Knopf Decl. as Exhibit E.

<u>Factual Background</u>

7. This dispute arises out of a group long term disability benefits insurance policy. Bates Stamped Administrative Record, USL 0688-0704, attached to the Knopf Decl. as Exhibit F.

8. U.S. Life issued a group long-term disability benefits insurance policy to World Epsilon Enterprises ("WEE") that provided for monthly disability benefits for WEE employees who became disabled under the terms of the policy. USL 0688-0704.

1183319.1

9. Plaintiff was insured under U.S. Life Group Policy Number G185180. USL 0688. Plaintiff's insurance policy became effective on February 1, 1997. USL 0343.

10. On July 13, 2000, plaintiff slipped and fell while at work, injuring her shoulder and back. USL 0344, USL 0376.

11. Plaintiff submitted a claim for disability benefits, and U.S. Life approved plaintiff's claim. USL 0250.

12. Plaintiff, the sole owner and operator of WEE, issued herself a salary, even though her corporation was operating at a loss. USL 0004-0047.

13. According to the policy language, the monthly policy benefit for each month of disability was equal to 60% of the insured's basic monthly pay, to a maximum of $6000.00. USL 0695. The policy includes a 90 day waiting period. USL 0695.

14. Basic monthly pay is defined as "monthly rate of pay from the participating employer. Such rate will be that in effect on the day before total disability begins. 'Basic monthly pay' includes commissions, but not bonuses, overtime pay or other extra compensation. Commissions will be averaged for the lesser of: the 24 month period of employment before the date total disability begins, or the period of employment." USL 0695.

15. U.S. Life initially concluded that plaintiff's basic monthly earnings were $4416.67 per month. USL 0250. This calculation was based on the salary that plaintiff issued herself out of the company of which she was a sole proprietor.

16. Pursuant to the terms of the policy, plaintiff was entitled to 60% of her basic monthly earnings, or $2650.00 per month, less any income offsets. U.S. Life deducted plaintiff's Social Security Disability Award for Primary and Family, resulting in a net monthly disability benefit of $1431.00. USL 0258, USL 0380.

3

1183319.1

17. From October 12, 2000 through July 12, 2003, U.S. Life issued plaintiff a net monthly disability benefit of $1431.00. USL 0380.

18. In November of 2003, following an audit by a CPA, Carol G. Poulin of Poulin Financial Services, U.S. Life determined that, since plaintiff's business operated at a loss in the year 2000 (the year of the onset of plaintiff's disability), plaintiff's income could not exceed the minimum of $50.00 per month because, in effect, plaintiff had no income in the year 2000. USL 0380, USL 509-510, USL 519, USL 0578.

19. In addition, U.S. Life learned that plaintiff failed to advise of a workers' compensation offset. USL 0242, USL 0355-0357, USL 0380. As a result, U.S. Life overpaid plaintiff in the amount of $7908.31. USL 0242, USL 0380, USL 0592-0593.

20. In a letter dated November 7, 2003, U.S. Life reduced plaintiff's monthly benefit to $50.00 per month, and requested repayment of $7908.31 for the workers' compensation offset. USL 0498-0500.

21. On March 18, 2004, plaintiff appealed the decision to reduce her monthly benefit to $50.00 per month. USL 486-488.

22. On March 28, 2004, U.S. Life upheld the decision to reduce plaintiff's monthly earnings. USL 0479-0480.

23. In June of 2004, plaintiff again appealed the decision. USL 0436-0437.

24. In a letter dated November 4, 2004, U.S. Life responded to plaintiff's appeal. U.S. Life employed a different method for calculating plaintiff's basic monthly earnings, but arrived at the same result – plaintiff was entitled to a $50.00 minimum benefit under the policy. USL 0380.

1183319.1

25. U.S. Life's revised method for calculating basic monthly earnings was based on the common insurance practice BME definition used for an owner of a business. USL 0508. The definition is: (W2 earnings) + (profits from the owned business). USL 0508.

26. U.S. Life based earnings calculations on WEE's profits and losses in 1999 (where plaintiff had $30,287.00 earnings), rather than in 2000 (where plaintiff had **negative** earnings), to provide a full year, complete picture of plaintiff's pre-disability earnings. USL 0380-0385.

27. U.S. Life's calculations of basic monthly earnings are as follows:

| | |
|---|---|
| 1999 Salary: | $48,583.00 |
| -1999 Business' Net Loss: | $18,296.00 |
| 1999 Annual Earned Income: | $30,287.00 |
| | ÷ 12 |
| Monthly Rate of Pay: | $2524.00 |
| | x .60 |
| Basic Monthly Earnings: | $1514.40 |
| Less Income Offsets: | |
| Social Security Disability – Primary: | $813.00 |
| Social Security Disability – Family: | $406.00 |
| Worker's Compensation: | $1983.33 |
| Net Monthly LTD Benefit: | -($787.93) |
| Minimum Monthly Benefit: | $50.00 |

USL 0380- USL 0385, USL 398- USL 400.

28. In January of 2006, U.S. Life became aware of a second overpayment due to plaintiff's failure to notify of a workers' compensation offset. USL 0355-0359, USL 0368-0371. The original workers' compensation offset increased from $7908.31 to $9511.88. USL 0355-0359, USL 0368-0371.

1183319.1

29. Since plaintiff failed to reimburse U.S. Life for the overpayment, U.S. Life began collecting the overpayment by applying plaintiff's net benefit of $50.00 per month beginning with the period 07/12/03 through 08/12/03. USL 0355-0359.

Dated:       White Plains, New York
             June 6, 2006

                          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                          By: _____
                              Fred N. Knopf (FNK 4625)
                              Michelle M. Arbitrio (MA 2137)
                              Attorneys for Defendant
                              U.S. Life Insurance Co. of the City of NY
                              3 Gannett Drive
                              White Plains, New York 10604
                              (914) 323-7000
                              File No. 07478.00197

1183319.1